1

2

3

4

5

6

7

8

9

10

FILED
CLERK, U.S. DISTRICT COURT

JAN - 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11  ANTHONY BUTLER,                          )    CASE NO.  CV 13-9193 UA (DUTYx)
                                             )
12                          Plaintiff,       )
                                             )    ORDER SUMMARILY REMANDING
13             vs.                           )    IMPROPERLY-REMOVED ACTION
                                             )
14  JOHN DOE AKA MR. WILLIAMS, et al.,       )
                                             )
15                          Defendants.      )
                                             )
16  ─────────────────────────────────────────)

17        The Court will remand this unlawful detainer action to state court summarily,

18  because it was removed improperly.

19        On December 13, 2013, Milford Johnson, who asserts that he is a defendant in what

20  appears to be a routine unlawful detainer action in California state court,[1] lodged a Notice

21  Of Removal of that action to this Court and also presented an application to proceed

22  *in forma pauperis*. The Court has denied the application under separate cover, because the

23  action was not properly removed.  To prevent the action from remaining in jurisdictional

24  limbo, the Court issues this Order to remand the action to state court.

25        There is no basis for concluding that this unlawful detainer action could have been

26  brought in federal court in the first place, in that Mr. Johnson does not competently allege

27

28

─────────────────────────

[1]    Mr. Johnson is not named as a defendant in the complaint he seeks to remove.

1 | facts supplying either diversity or federal question jurisdiction, and therefore, removal is
2 | improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S.
3 | 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). In his Civil Cover Sheet, Mr. Johnson
4 | states that all parties reside in Los Angeles, California, and thus, it appears that they are
5 | citizens of California. *See* State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th
6 | Cir. 1994) ("the place of residence is *prima face* the domicile" for diversity jurisdiction
7 | purposes); Bergman v. Bank of America, 2013 WL 5863057, at *1 n. 2 (N.D. Cal. Oct.
8 | 23, 2013) (when civil cover sheet alleged that plaintiffs resided in Santa Clara, California,
9 | plaintiffs were treated as California citizens for diversity jurisdiction purposes in the
10 | absence of evidence to the contrary). An action may not be removed on the basis of
11 | diversity jurisdiction if the defendants are citizens of the state in which the action is
12 | brought. 28 U.S.C. § 1441(b). Further, the amount in controversy does not exceed the
13 | diversity jurisdiction threshold of $75,000; indeed, the unlawful detainer complaint
14 | expressly alleges that the amount demanded is "less than $10000." *See* 28 U.S.C.
15 | § 1332(a). Finally, plaintiff's unlawful detainer complaint does not raise any federal legal
16 | question. *See* 28 U.S.C. §§ 1331, 1441(a).

17 |      Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior
18 | Court of California, Los Angeles County, 110 N. Grand Avenue, Los Angeles CA 90012,
19 | for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall
20 | send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies
21 | of this Order on the parties.

22 |      IT IS SO ORDERED.

23 |
24 | DATED: ___12/30/13___
25 |
26 |
27 |                     GEORGE H. KING
          CHIEF UNITED STATES DISTRICT JUDGE
28 |